Anandaraja v Icahn Sch. of Medicine at Mount Sinai (2025 NY Slip Op 06015)

Anandaraja v Icahn Sch. of Medicine at Mount Sinai

2025 NY Slip Op 06015

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Index No. 159045/22|Appeal No. 5082|Case No. 2025-01214|

[*1]Dr. Natasha Anusrhi Anandaraja, et al., Plaintiffs, Dr. Holly Atkinson, et al., Plaintiffs-Respondents,
v
Icahn School of Medicine at Mount Sinai, et al., Defendants-Appellants, Dr. Dennis S. Charney, et al., Defendants.

Proskauer Rose LLP, New York (Adam M. Lupion of counsel), for appellants.
Herschmann Benson Bowen LLP, New York (Michael Paul Bowen of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about January 13, 2025, which, to the extent appealed from, denied the motion of defendants Ichan School of Medicine at Mount Sinai, Dr. Prabhjot Singh, and Bruno Silva seeking a protective order precluding inquiry regarding particular topics during depositions of defendants' witnesses, unanimously modified, on the law, to grant the motion to the extent of precluding inquiry during depositions of defendants' witnesses regarding topics relating solely to gender and age discrimination, and otherwise affirmed, without costs.
Supreme Court should have precluded deposition questions relating solely to age and gender discrimination, as all the causes of action asserting those categories of discrimination have been dismissed and therefore are no longer directly at issue in this action. The topics proposed for exclusion from depositions of defendants' witnesses are enumerated in a letter from defendants' counsel to plaintiffs' counsel dated February 2, 2024, and we find that inquiry regarding topics 4-8, 10, and 13-18 listed in that letter are to be excluded from inquiry during the depositions of defendants' witnesses (NY St Cts Elec Filing [NYSCEF] Doc No. 93, Feb. 2, 2024 letter, at 2-3). Those topics are not relevant to plaintiff Humale Khan's hostile work environment and retaliation causes of action, which assert discrimination based only on race, religion, and national origin under the New York City Human Rights Law (see CPLR 3103[a]; Abbott v Memorial Sloan-Kettering Cancer Ctr., 276 AD2d 432, 433 [1st Dept 2000]; see also Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC, 202 AD3d 614, 615 [1st Dept 2022]). Nor are topics 4-8, 10, and 13-18 relevant to plaintiff Dr. Holly Atkinson's cause of action for breach of contract, which is the only cause of action remaining as to Dr. Atkinson.
Supreme Court providently exercised its discretion when it denied defendants' request to preclude the remaining topics from inquiry during depositions. Defendants did not establish that those topics were not material and necessary to the prosecution of plaintiffs' claims (see Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC, 202 AD3d 614 [1st Dept 2022]). Inquiry during depositions into those
topics would not to an unreasonable extent impose on defendants any of the burdens enumerated by CPLR 3103(a) (see Balsamello v Structure Tone, Inc., 226 AD3d 580, 582 [1st Dept 2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025